IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NICHOLAS M. DISPASQUALE,** *et al.* | : | **CIVIL ACTION** |
| | : | |
| v. | : | NO. 07-0753 |
| | : | |
| **CITY OF PHILADELPHIA,** *et al.* | : | |

# ORDER

**AND NOW**, this 12th day of October, 2007, upon consideration of Defendant Evelyn Heath's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b) (Document No. 11) and the plaintiffs' response, it is **ORDERED** that the motion is **GRANTED IN PART** and **DENIED IN PART**.

It is **FURTHER ORDERED** as follows:

1. The motion to dismiss plaintiffs' claims for sex discrimination brought under 42 U.S.C § 1983 and Title VII of the Civil Rights Act of 1991, 42 U.S.C. § 2000e, *et seq.*, is **GRANTED**.[1]

---

[1] To state a § 1983 equal protection claim for sex discrimination, a plaintiff must allege that he was treated differently than those similarly situated and the difference in treatment was because of his gender. *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1478 (3d Cir. 1990); *Shuman v. Penn Manor School District*, 422 F.3d 141, 151 (3d Cir. 2005). Although the standards for proving claims brought under 42 U.S.C.§ 1983 differ from those brought under Title VII, proof of the element of discrimination based upon sex is identical in a § 1983 equal protection claim as that brought under Title VII. *Andrews*, 895 F.2d at 1483 and n. 4.

In the complaint, the plaintiffs state that Heath "discriminated and retaliated against both plaintiffs, on the basis of their sex, because plaintiff Nicholas DiPasquale ended his relationship with Heath." *Compl.* ¶¶ 60(a)-(b), 66(a)-(b). Throughout the complaint, plaintiffs allege that Heath mistreated both plaintiffs because Nicholas broke off his romantic relationship with her and began one with his co-worker, Jane. Plaintiffs do not allege that Heath would have treated either one of them differently if they were a different sex. Thus, if Heath treated them the same, she could not have discriminated against them on the basis of their sex.

For the same reason plaintiffs' disparate treatment claim for sex discrimination against Heath fails, so do their claims brought against Heath for sexual harassment based on a hostile work environment. To state a hostile work environment claim, a plaintiff must allege, among other elements, that he or she "suffered intentional discrimination because of their sex." *Kunin v. Sears Roebuck and Co.*, 175 F.3d 289, 293 (3d Cir. 1999) (*quoting Andrews v. City of Philadelphia*, 895 F.2d 1469, 1482 (3d Cir. 1990)). Because plaintiffs allege that Heath treated them similarly, they fail to meet the first prong of a hostile work environment claim that requires that they were discriminated against on the basis of their sex.

2. All claims asserted by plaintiffs in Count I of the complaint based on sex discrimination are **DISMISSED**.

3. The motion to dismiss plaintiffs' claims against Heath for retaliation brought under 42 U.S.C § 1983 and Title VII of the Civil Rights Act of 1991, 42 U.S.C. § 2000e, *et seq.*, is **DENIED**.[2]

4. In all other respects, the motion is **DENIED**.

          /s/ Timothy J. Savage
          TIMOTHY J. SAVAGE,  J.

---

[2] To state a claim for retaliation, a plaintiff must allege that: (1) he or she engaged in a protected activity; (2) the plaintiff suffered an adverse employment action; and (3) there was a causal connection between the two. *Woodson v. Scott Paper*, 109 F.3d 913, 920 (3d Cir. 1997).  Job action less than a discharge, such as a transfer or other action causing a lost opportunity to advance, can constitute an adverse employment action. *Jones v. Philadelphia School District*, 198 F.3d 403, 411-12 (3d Cir. 1999).

Here, plaintiffs have sufficiently alleged all three elements of a retaliation claim.  Specifically, they allege that they engaged in a protected activity when they filed their complaints about Heath's conduct with the City, the EEOC and the Pennsylvania Human Relations Commission. *Compl.*, ¶¶ 12, 20, 24.  They allege an adverse employment action and a causal connection between the two in that Heath's conduct prevented them from preparing for and taking their promotional exams, causing them to forego an opportunity for advancement. *Compl.*, ¶¶ 26, 36.